UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BOBBY MCDONALD                                                          CIVIL ACTION

VERSUS                                                                  No. 17-4432

BP EXPLORATION & PRODUCTION                                             SECTION I
INC. ET AL.

## ORDER & REASONS

Several motions are pending before the Court. Defendants BP Exploration & Production, Inc., BP America Production Company, and BP p.l.c. (collectively, "BP") filed a motion[1] to exclude the opinions of plaintiff's medical causation expert, Dr. Jerald Cook ("Cook"). Plaintiff Bobby McDonald ("McDonald") opposes the motion to exclude Cook's testimony.[2] McDonald also filed a motion[3] to admit the expert opinions of Cook because of BP's alleged spoliation of evidence. BP opposes McDonald's motion.[4] BP has also filed a motion[5] for summary judgment, contending that if the Court grants BP's motion to exclude, then summary judgment will also be warranted because McDonald will lack necessary expert testimony on causation. McDonald opposes the motion for summary judgment.[6] For the following reasons, the Court grants BP's motion to exclude Cook's expert opinions and denies McDonald's

---

[1] R. Doc. No. 61.
[2] R. Doc. No. 65.
[3] R. Doc. No. 63.
[4] R. Doc. No. 73.
[5] R. Doc. No. 62.
[6] R. Doc. No. 64.

motion to admit Cook's expert opinions. The Court also grants BP's motion for summary judgment.

## I. BACKGROUND

The instant action is a "B3" case arising out of the 2010 Deepwater Horizon oil spill in the Gulf of Mexico.[7] B3 cases involve "claims for personal injury and wrongful death due to exposure to oil and/or other chemicals used during the oil spill response (e.g., dispersant)." *In re Oil Spill by Oil Rig "Deepwater Horizon" in Gulf of Mexico, on Apr. 20, 2010*, No. MDL 2179, 2021 WL 6053613, at *10 (E.D. La. Apr. 1, 2021) (Barbier, J.). To prevail on their claims, "B3 plaintiffs must prove that the legal cause of the claimed injury or illness is exposure to oil or other chemicals used during the response." *Id.* at *11.

McDonald alleges that, while engaged in oil spill cleanup activities by virtue of his employment, he suffered bodily injury from "exposure to oil and/or dispersants."[8] McDonald alleges, while he was employed by Hepaco, Inc., he was involved in "[p]icking up oil, tar balls, and oil soaked debris" from beaches in Mississippi.[9] McDonald further alleges that, as a result of his exposure to oil, he suffers from "headaches, irritation in nose, throat, or lungs, eye irritation, and skin

---

[7] R. Doc. No. 6 ("Severing 780 Cases in the B3 Pleading Bundle and Re-allotting Them Among the District Judges of the Eastern District of Louisiana") (Barbier, J.).
[8] R. Doc. 61-2, at 4.
[9] *Id.* at 3.

2

irritation."[10] On May 1, 2017, McDonald filed the present action seeking actual and compensatory damages.[11]

Like other B3 plaintiffs, McDonald provides medical causation analysis completed by Cook to support his claim that exposure to oil and dispersants caused his health problems. Courts in this district have described Cook's report as "an omnibus, non-case specific general causation expert report." *Macon v. BP Expl. & Prod. Inc.*, 605 F. Supp. 3d 871, 874 (E.D. La. 2022) (Ashe, J.).

Cook's report is organized into five chapters. The first chapter provides Cook's qualifications.[12] The second chapter sets forth background information on the Deepwater Horizon Oil Spill.[13] The third chapter recounts Cook's methodology.[14] The fourth chapter discusses the health effects associated with oil spills.[15] The fifth chapter provides a general causation analysis of respiratory conditions, dermal conditions, ocular conditions, and cancers.[16] Cook concludes that these conditions generally "can occur in individuals exposed to crude oil, including weathered crude oil, during oil spill response and cleanup work."[17]

---

[10] R. Doc. No. 65, at 1.
[11] R. Doc. No. 1, at 5.
[12] R. Doc. No. 61-4, at 1–4.
[13] *Id.*
[14] *Id.*
[15] *Id.*
[16] *Id.*
[17] *Id.* at 103, 108, 115, 118.

## II.     STANDARDS OF LAW

### A.     *Daubert* Standard

The district court's discretion "to admit or exclude evidence is generally broad." *Seatrax, Inc. v. Sonbeck Int'l, Inc.*, 200 F.3d 358, 370 (5th Cir. 2000). "In *Daubert v. Merrell Dow Pharm.*, the Supreme Court held that [Federal] Rule [of Evidence] 702 requires the district court to act as a gatekeeper to ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable.'" *Metrejean v. REC Marine Logistics, L.L.C.*, No. CIV.A. 08-5049, 2009 WL 3062622, at *1 (E.D. La. Sept. 21, 2009) (Vance, J.).

> Rule 702 provides:
>
> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

"To qualify as an expert, 'the witness must have such knowledge or experience in [his] field or calling as to make it appear that his opinion or inference will probably aid the trier in his search for truth.'" *United States v. Hicks*, 389 F.3d 514, 524 (5th Cir. 2004) (quoting *United States v. Bourgeois*, 950 F.2d 980, 987 (5th Cir. 1992)).

*Daubert* "provides the analytical framework for determining whether expert testimony is admissible under Rule 702." *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239,

243 (5th Cir. 2002). Pursuant to *Daubert*, the Court must "determine whether the expert testimony is both reliable and relevant." *Burleson v. Tex. Dep't of Criminal Justice*, 393 F.3d 577, 584 (5th Cir. 2004). A number of nonexclusive factors may be considered in the reliability inquiry, including: (1) whether the technique has been tested, (2) whether the technique has been subjected to peer review and publication, (3) the technique's potential error rate, (4) the existence and maintenance of standards controlling the technique's operation, and (5) whether the technique is generally accepted in the relevant scientific community. *Id*. The reliability inquiry must remain flexible, however, as "not every *Daubert* factor will be applicable in every situation; and a court has discretion to consider other factors it deems relevant." *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004). "Both the determination of reliability itself and the factors taken into account are left to the discretion of the district court consistent with its gatekeeping function under [Rule] 702." *Munoz v. Orr*, 200 F.3d 291, 301 (5th Cir. 2000).

"The reliability analysis applies to all aspects of an expert's testimony: the methodology, the facts underlying the expert's opinion, the link between the facts and the conclusion, et alia." *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 355 (5th Cir. 2007) (internal quotation marks omitted). "Where the expert's opinion is based on insufficient information, the analysis is unreliable." *Paz v. Brush Engineered Materials, Inc.*, 555 F.3d 383, 388 (5th Cir. 2009).

With respect to relevancy, the proposed testimony must be relevant "not simply in the way all testimony must be relevant [under Rules 401 and 402], but also in the

sense that the expert's proposed opinion would assist the trier of fact to understand or determine a fact in issue." *Bocanegra v. Vicmar Servs., Inc.*, 320 F.3d 581, 584 (5th Cir. 2003). "There is no more certain test for determining when experts may be used than the common sense inquiry whether the untrained layman would be qualified to determine intelligently and to the best degree the particular issue without enlightenment from those having a specialized understanding of the subject involved in the dispute." *Vogler v. Blackmore*, 352 F.3d 150, 156 n.5 (5th Cir. 2003) (quoting Fed. R. Evid. 702, Advisory Committee Note).

"[W]hen expert testimony is challenged under Rule 702 and *Daubert*, the burden of proof rests with the party seeking to present the testimony." *Kennedy v. Magnolia Marine Transp. Co.*, 189 F. Supp. 3d 610, 615 (E.D. La. 2016) (Africk, J.). The Court applies a preponderance of the evidence standard when performing its gatekeeping function pursuant to *Daubert*. *See Daubert*, 509 U.S. at 592 n.10. The Court is not bound by the rules of evidence—except those rules concerning privileges—when performing its gatekeeping function. *See id.*

### B. Spoliation of Evidence

"Spoliation is the destruction or material alteration of evidence or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Fairley v. BP Expl. & Prod. Inc.*, No. 17-3988, 2022 WL 16731817, at *3 (E.D. La. Nov. 3, 2022) (Ashe, J.) (quotations and citations omitted). Spoliation is a sanctionable abuse of the litigation process. *See Coastal Bridge Co., LLC v. Heatec, Inc.*, 833 F. App'x 565, 573 (5th Cir. 2020).

"A spoliation claim has three elements: (1) the spoliating party must have controlled the evidence and been under an obligation to preserve it at the time of destruction; (2) the evidence must have been intentionally destroyed; and (3) the moving party must show that the spoliating party acted in bad faith." *Id.* at 574. "A plaintiff alleging spoliation must establish that the defendant *intentionally* destroyed the evidence for the purpose of depriving opposing parties of its use." *Id.* at 573 (emphasis in original). Though parties have a duty to preserve evidence, courts have consistently held that "the duty to preserve evidence does not include the duty to create evidence." *Fairley*, 2022 WL 16731817, at *3 (quoting *De Los Santos v. Kroger Tex., LP*, No. 14-3086, 2015 WL 3504878, at *6 n.4 (N.D. Tex. June 3, 2015)).

### C.     Summary Judgment

Summary judgment is proper when, after reviewing the materials in the record, a court determines that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The party seeking summary judgment need not produce evidence negating the existence of a material fact; it need only point out the absence of evidence supporting the other party's case. *Id.*; *see also Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195–96 (5th Cir. 1986) ("There is no sound reason why

conclusory allegations should suffice to require a trial when there is no evidence to support them even if the movant lacks contrary evidence.").

Once the party seeking summary judgment carries that burden, the nonmoving party must come forward with specific facts showing that there is a genuine dispute of material fact for trial. *See Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). Rather, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If the nonmovant fails to meet their burden of showing a genuine issue for trial that could support a judgment in favor of the nonmovant, summary judgment must be granted. *See Little*, 37 F.3d at 1075–76.

"Although the substance or content of the evidence submitted to support or dispute a fact on summary judgment must be admissible . . . the material may be presented in a form that would not, in itself, be admissible at trial." *Lee v. Offshore Logistical & Transp., L.L.C.*, 859 F.3d 353, 355 (5th Cir. 2017) (citations omitted). The party responding to the motion for summary judgment may not rest upon the pleadings but must identify specific facts that establish a genuine issue. *See Anderson*, 477 U.S. at 248. The nonmoving party's evidence, however, "is to be

8

believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." *Id.* at 255.

### III. LAW & ANALYSIS

#### a. BP's Motion to Exclude

Numerous "sections of the Eastern District of Louisiana. . .have excluded Dr. Cook's initial report or its later versions, holding generally that Dr. Cook's opinions are unreliable and unhelpful where he fails to identify the level of exposure to a relevant chemical that can cause the conditions asserted in the plaintiffs' complaints." *Walker v. BP Expl. & Prod., Inc.*, No. CV 17-3622, 2023 WL 4586748, at *3 (E.D. La. July 18, 2023), *reconsideration denied*, No. CV 17-3622, 2023 WL 5804358 (E.D. La. Sept. 7, 2023) (Milazzo, J.).[18]

McDonald has the burden of proving that "the legal cause of the claimed injury or illness is exposure to oil or other chemicals used during the response." *In re Oil*

---

[18] There are four different versions of Cook's report that have been considered by courts in this district. The version at issue in this case is the third version, dated May 31, 2022. McDonald does not argue that the errors in the other versions are corrected in the third version. Additionally, courts in this district have held that the third version suffers from the same fatal defects as the other versions. *See, e.g.*, *Jenkins v. BP Expl. & Prod. Inc.*, No. CV 19-11686, 2023 WL 172044, at *2 n.12 (E.D. La. Jan. 12, 2023) (Ashe, J.) ("The Court has reviewed all versions of Cook's report and concludes that none of the later versions cures the previously identified deficiencies in his prior reports; specifically, none of Cook's reports provides admissible general causation opinions."); *Bruton v. BP Expl. & Prod. Inc.*, No. CV 17-3110, 2023 WL 3653814, at *7 n.81 (E.D. La. May 25, 2023) (Morgan, J.) ("the Court has reviewed all four versions and finds them all excludable under *Daubert* for the reasons stated in this Order and Reasons."); *Cole v. BP Expl. & Prod. Inc.*, No. CV 17-3649, 2022 WL 2986382 (E.D. La. July 28, 2022) (Barbier, J.); *Brown v. BP Expl. & Prod., Inc.*, No. CV 17-3516, 2023 WL 3844102, at *3 (E.D. La. June 6, 2023) (Milazzo, J.), *reconsideration denied sub nom. Rounds v. BP Expl. & Prod., Inc.*, No. CV 17-3516, 2023 WL 4685326 (E.D. La. July 21, 2023).

9

*Spill by Oil Rig "Deepwater Horizon"*, 2021 WL 6053613, at *11. "Courts use 'a two-step process in examining the admissibility of causation evidence in toxic tort cases. First, the district court must determine whether there is *general causation*. Second, if it concludes that there is admissible general-causation evidence, the district court must determine whether there is admissible *specific-causation* evidence.'" *Seaman v. Seacor Marine, LLC*, 326 F. App'x 721, 722 (5th Cir. 2009) (quoting *Knight v. Kirby Inland Marine, Inc.*, 482 F.3d 347, 351 (5th Cir. 2007) (emphases added in *Seaman*)).

In its motion, BP argues McDonald has not produced admissible general causation evidence. BP challenges Cook's report on four main grounds: Cook's failure to identify a harmful dose, his failure to identify which chemicals cause which condition, his failure to confirm McDonald's diagnoses, and his failure to follow the proper methodology.[19]

"General causation is whether a substance is capable of causing a particular injury or condition in the general population, while specific causation is whether a substance caused a particular individual's injury." *Id.* (quoting *Knight*, 482 F.3d at 351). If the Court holds there is no admissible general causation evidence, there is "no need to consider" specific causation. *Knight*, 482 F.3d 347, 352.

With respect to general causation, "[s]cientific knowledge of the harmful level of exposure to a chemical, plus knowledge that the plaintiff was exposed to such quantities, are minimal facts necessary to sustain the plaintiffs' burden in a toxic tort case." *Seaman*, 326 F. App'x 721, 722 (quoting *Allen v. Penn. Eng'g Corp.*, 102 F.3d

---

[19] *See generally* R. Doc. No. 61.

194, 199 (5th Cir. 1996)). "A plaintiff in such a case cannot expect lay fact-finders to understand medical causation; expert testimony is thus required to establish causation." *Id.*

This Court agrees with the hundreds of prior rulings that Cook's report fails "to identify the level of exposure to a relevant chemical that can cause the conditions asserted in plaintiff's complaint" and, therefore, cannot demonstrate general causation. *Grant v. BP Expl. & Prod. Inc.*, No. 17-4334, 2022 WL 2467682, at *7 (E.D. La. July 6, 2022) (Vance, J.). In providing a general causation determination, Cook had to assess whether "the types of chemicals [that plaintiff] w[as] exposed to can cause [his] particular injuries in the general population." *Knight*, 482 F.3d at 355. Cook did not assess which chemicals within crude oil McDonald was exposed to and what levels of exposure are necessary to create the alleged health conditions. *Patton v. BP Expl. & Prod., Inc.*, No. CV 17-4473, 2022 WL 4104505, at *9 (E.D. La. Sept. 8, 2022) (Vance, J.) ("Although Dr. Cook admits that there are thousands of chemicals in crude oil, and that the chemical composition of weathered oil is highly variable, he makes no attempt to identify which chemicals within crude oil plaintiff was allegedly exposed to.").

Because Cook's report does not explain whether the chemicals to which McDonald was allegedly exposed can, in general, cause the conditions from which he allegedly suffers, nor at what levels such exposure is harmful, the report does not support plaintiffs' burden of establishing the "minimal facts necessary to sustain" their claims. *Seaman*, 326 F. App'x at 723. "On this basis alone, the Court concludes

11

that Cook's report should be excluded." *Walker*, 2022 WL 17987118, at *8 (citing *Johns v. BP Expl. & Prod. Inc.*, No. CV 17-3304, 2022 WL 1811088 (E.D. La. June 2, 2022) (Ashe, J.)).[20]

The alleged impossibility of "establish[ing] a BP Oil Spill responder's quantitative exposure to a given chemical at a given level" does not affect Cook's ability to "consult the relevant scientific and medical literature on the harmful effects of oil to determine whether a relevant chemical has the capacity to cause the harm alleged by plaintiff in the general population." *Dawkins v. BP Expl. & Prod.*, No. 17-3533, 2022 WL 2315846, at *10 (E.D. La. June 28, 2022) (Vance, J.). This Court has explained that, "assuming that the GuLF Study[21] is indeed the best scientific literature regarding 'the exposure and health effect outcomes of BP Oil Spill responders,' Cook still was not limited to consulting only studies of the Deepwater Horizon spill when forming his opinion as to general causation." *Walker*, 2022 WL 17987118, at *8.

McDonald acknowledges that the admissibility of Dr. Cook's general causation report has been denied in a few hundred cases.[22] "In hopes of finding a better way to communicate" why Cook does not quantify McDonald's exposure, McDonald includes

---

[20] Because the Court finds that Cook's report should be excluded on other grounds, the Court need not address the arguments that Cook failed to verify McDonald's diagnosis and that Cook did not follow the proper methodology for evaluating epidemiology.
[21] The Gulf Long-Term Follow-Up study ("GuLF Study") is a one of the main studies on which Cook relies in "analyz[ing] prior studies on the health effects associated with exposure to oil." *See Walker*, 2022 WL 17987118, at *3.
[22] R. Doc. No 65, at 2.

12

an affidavit from Dr. Linda Birnbaum ("Birnbaum") that states that a responder's specific level exposure cannot be quantified, and that Dr. Cook could not have relied on other studies to quantify the exposure.[23] This Court has already held that "Birnbaum's affidavit neither cures nor explains the deficiencies of Cook's report." *Walker v. BP Expl. & Prod. Inc.*, No. CV 17-3012, 2022 WL 17987118, at *8 (E.D. La. Dec. 29, 2022) (Africk, J.), *appeal dismissed*, No. 23-30052, 2023 WL 4744065 (5th Cir. Apr. 17, 2023).

"Dr. Birnbaum's affidavit 'appears to conflate general causation with specific causation,' as general causation requires 'evidence demonstrating that the types of chemicals encountered by Plaintiff are actually capable of causing the injuries alleged by Plaintiff.'" *Rounds v. BP Expl. & Prod., Inc.*, No. CV 17-3516, 2023 WL 4685326, at *2 (E.D. La. July 21, 2023) (Milazzo, J.) (quoting *Kaoui v. BP Expl. & Prod., Inc.*, No. CV 17-3313, 2023 WL 330510, at *9 (E.D. La. Jan. 12, 2023) (Vitter, J.)). As BP points out in its reply in support of its motion,[24] the question of an individual oil responder's exposure level is relevant to specific causation, not general causation. "The fundamental question in [the] general causation inquiry is whether the chemicals, weathered oil, and dispersants to which [plaintiff] alleges he was exposed can cause the conditions he alleges." *Bass v. BP Expl. & Prod.*, No. 17-3037, 2022 WL 2986276, at *4 (E.D. La. July 28, 2022) (Morgan, J.). Accordingly, Birnbaum's affidavit does not remedy the unreliability of Cook's general causation opinion.

---

[23] *Id.* at 2–5.
[24] R. Doc. No. 72, at 8.

### B. McDonald's Motion to Admit

McDonald argues that the lack of quantified exposure data is the result of BP's failure to comply with its duty to record data and, accordingly, the Court should permit Cook's report and the underlying studies.[25] McDonald seeks to impose on BP an affirmative duty to record quantitative data and on the basis of that duty, find BP spoliated evidence. For the reasons that follow, the Court finds that McDonald has not demonstrated that BP had a duty to create a record of the exposure data and, accordingly, McDonald has not established spoliation of evidence.

The caselaw does not support McDonald's spoliation theory, and this theory is contrary to existing law. *Bland v. B.P. Expl. & Prod., Inc.*, No. CV 17-3049, 2022 WL 17155686, at 11 (E.D. La. Nov. 22, 2022) (Vance, J.), *reconsideration denied sub nom. Bland v. BP Expl. & Prod., Inc.,* No. CV 17-3049, 2023 WL 3340811 (E.D. La. May 10, 2023). "First and foremost, there is no allegation that BP destroyed, altered, or failed to preserve any *existing* evidence." *Fairley v. BP Expl. & Prod. Inc.*, No. CV 17-3988, 2022 WL 16731817, at *3 (E.D. La. Nov. 3, 2022) (Ashe, J.); *Walker*, 2022 WL 17987118, at *10. While McDonald tries to argue that BP had an affirmative duty to record quantitative data, this argument is not persuasive. "Courts have held that the duty to preserve evidence does not include the duty to create evidence." *Fairley*, 2022 WL 16731817, at *3 (quoting *De Los Santos v. Kroger Tex., LP*, 2015 WL 3504878, at *6 n.4 (N.D. Tex. June 3, 2015)). Therefore, "[a] failure to collect evidence that may or may not have been available for collection is very different from the intentional

---

[25] R. Doc. No. 63-1, at 1.

14

destruction of evidence that constitutes spoliation." *Id.* (quoting *United States v. Greco*, 734 F.3d 441, 447 (6th Cir. 2013)). Accordingly, "BP's alleged failure to collect evidence was not a failure to preserve evidence, and as such, was not spoliation." *Id.* Because BP had no obligation to create evidence, there is no need to examine whether the failure to preserve evidence was intentional and whether BP acted in bad faith.

### C. BP's Motion for Summary Judgment

Having determined that Cook's opinions are unreliable and should be excluded, the Court now turns to BP's motion for summary judgment. BP argues that, because Cook's report should be excluded, summary judgment is warranted since McDonald cannot demonstrate causation. McDonald argues that the motion should be denied as to the conditions for which he does not need expert medical testimony on specific causation because Cook's general causation opinions should not be excluded.[26] After reviewing the parties' arguments, the Court concludes that summary judgment must be granted.

As previously stated, McDonald "must prove that the legal cause of the claimed injury or illness is exposure to oil or other chemicals used during the oil spill response." *In re Oil Spill by Oil Rig "Deepwater Horizon" in Gulf of Mexico,* 2021 WL 6053613, at *11. As the Court's previous analysis demonstrates, Cook's report has not satisfied the requirements of *Daubert*. BP argues that without Cook's causation opinion, McDonald will not be able to demonstrate causation. The Court agrees. While McDonald has another expert, Dr. Rachel Jones, she does not address

---

[26] R. Doc. No 64, at 6.

15

causation.[27] *See Dawkins v. BP Expl. & Prod., Inc.*, No. CV 17-3533, 2022 WL 2315846, at *12 (E.D. La. June 28, 2022) (Vance, J.), *reconsideration denied*, No. CV 17-3533, 2022 WL 4355818 (E.D. La. Sept. 20, 2022) ("Although Dr. Jones summarizes reports that measured the levels of a variety of toxic chemicals at different cleanup sites, she does not address the issue of *causation*.").

Because McDonald lacks reliable expert testimony with respect to the issue of general medical causation, McDonald has failed to present a genuine issue of material fact or to provide any evidence suggesting that McDonald's injuries were caused by exposure to oil and dispersants. Therefore, BP is entitled to summary judgment. *Celotex*, 477 U.S. at 32 ("[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.").

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that BP's motion to exclude the causation opinion of Dr. Jerald Cook is **GRANTED**.

**IT IS FURTHER ORDERED** that McDonald's motion to admit the expert opinion of Dr. Jerald Cook because of spoliation of evidence is **DENIED**.

---

[27] McDonald does not dispute in his response that Jones does not provide causation evidence. McDonald also does not argue that there is other causation evidence provided apart from Cook.

**IT IS FURTHER ORDERED** that BP's motion for summary judgment is **GRANTED**. McDonald's claims are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, October 2, 2023

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**